Linda STELL; et al., Plaintiffs—
Appellants,

v.

Montell JORDAN; et al., Defendants—
Appellees,

and

Ricky Walters; et al., Defendants.

No. 03–15603.

D.C. No. CV–96–02661–SMM.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 15, 2004.

Linda Stell, Dana Stell, pro se, San Bernadino, CA, for Plaintiffs–Appellants.

Christopher L. Rudd, Seth A. Gold, Manatt, Phelps & Phillips, LLP, Los Angeles, CA, Peter J. Rathwell, Snell & Wilmer, Phoenix, AZ, Gideon Cashman, Pryor, Cashman, Sherman & Flynn, New York, NY, James Terry Acuff, Jr., Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellees.

No appearance, for Defendants.

Before BEEZER, HALL, and SILVERMAN, Circuit Judges.

MEMORANDUM**

Linda Stell and Dana Stell ("plaintiffs") appeal pro se the district court's order precluding their expert from testifying at trial and dismissing the remaining claims in their copyright infringement action against Montell Jordan and others in the music industry who allegedly copied their musical composition, "This is how we do it." This Court has jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion orders precluding evidence, *United States v. Sumitomo Marine Fire & Ins. Co.,* 617 F.2d 1365, 1369 (9th Cir. 1980), and dismissing claims for failure to comply with discovery orders, *Valley Eng's Inc. v. Electric Eng'g Co.,* 158 F.3d 1051, 1052 (9th Cir.1998). We affirm.

The district court did not abuse its discretion when it precluded plaintiffs' expert from testifying at trial after plaintiffs violated the district court's repeated orders to make the expert available for deposition and ignored warnings that failure to comply would result in preclusion, because Rule 16 allows a district court to set and modify the discovery schedule and Rule 37 allows a district court to prohibit a party who disobeys a discovery order from introducing designated matters into evidence. *See* Fed.R.Civ.P. 16(b) and 37(b)(2); *see also Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 843 (9th Cir.1976) (district court properly excluded evidence pursuant to Fed.R.Civ.P. 37(b)(2) for failure to comply with pre-trial discovery orders).

The district court did not abuse its discretion when it dismissed plaintiffs' remaining claims because Fed.R.Civ.P. 37(b)(2)(C) allows a district court to dismiss an action for failure to obey a discovery order, the district court properly found that plaintiffs' failure was willful, and the district court properly applied this Court's five-part test to determine that dismissal

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

was just. *See Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir.1983) (dismissal "authorized only where the failure to comply is due to willfulness, bad faith, or fault of the party"); *Valley Eng's Inc.,* 158 F.3d at 1057 (describing and applying five-part test).

Plaintiffs' other contentions also lack merit.

**AFFIRMED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.